[No. 6002.]

## DOWNEY v. THE COLORADO FUEL & IRON COMPANY.

Pleading—Complaint—Demurrer—If the facts stated, with all fair and reasonable deductions therefrom, constitute a cause of action, the complaint must, as against a general demurrer, be upheld. The plaintiff is not called upon to anticipate and negative possible defensive matters.—(27)

*Error to Pueblo District Court*—Hon. JOHN H. VOORHEES, Judge.

Mr. M. J. GALLIGAN, for plaintiff in error.

Messrs. DEVINE, DUBBS & PRESTON, Mr. D. C. BEAMAN, Mr. CASS E. HERRINGTON, and Mr. FRED HERRINGTON, for defendant in error.

Plaintiff below, plaintiff in error here, brought suit for injury to the person, against the defendant in error here, defendant below, alleging damages in the sum of $10,000.00. Defendant interposed a general demurrer to the complaint, which was sustained, and plaintiff electing to stand by his cause as made, a judgment of dismissal followed. To review that judgment plaintiff brings the case here.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The complaint is not subject to general demurrer. While it may be that it is liable to motion to make more specific, or to special demurrer, points not decided because not here, objections to be thus raised are not necessarily or ordinarily covered by general demurrer. That is true here. The rule is, if the facts alleged, with all fair and reasonable deductions which may be drawn therefrom, are sufficient to state a cause of action, the complaint must be upheld as against general demurrer. Such is the settled doctrine of this court.—*Insurance Company v. Bonner,*

24 Colo. 222. Bearing in mind that all facts, which are material and well pleaded, with all necessary intendments and inferences, are to be taken as true as against a general demurrer, the complaint states a cause of action. A plaintiff is not called upon to anticipate and negative in advance possible defensive matter. The sufficiency of the complaint, when challenged by general demurrer, must be determined from its own averments, unqualified and unaffected by indefinite and uncertain outside considerations and conditions.

The court, therefore, erred in sustaining the demurrer and dismissing the action. The judgment is reversed and cause remanded, with directions to the court below to overrule the general demurrer, with leave to the defendant to move against or plead to the complaint as it may be advised.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.