No. 10,063.

THE ALTITUDE OIL COMPANY *v.* THE PEOPLE.

Decided November 7, 1921. Rehearing denied December 5, 1921.

Action in behalf of the people to recover the amount alleged to be due as a tax upon gasoline sold for power purposes. Judgment for plaintiff.

*Affirmed.*

1. TAXATION—*Classification.* Under the provisions of chapter 168, S. L. 1919, the tax imposed on the various products of petroleum offered for sale or used for power purposes in propelling motor vehicles, is an excise and not a property tax.

2. CONSTITUTIONAL LAW—*Tax on Gasoline.* The gasoline tax act, S. L. 1919, chapter 168, "providing a tax on petroleum products used in propelling motor vehicles," held not in violation of section 3, article X of the state constitution, regarding uniform taxation, nor of section 21, article V, relating to the title of legislative acts.

3. *Title of Act.* A title of an act which states the general subject is sufficient, and all matters germane to that subject are included within the title.

4. *Power of Courts.* Courts are not at liberty to hold an act unconstitutional, unless it is clearly so.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. THOMAS H. GIBSON, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. J. J. LATON, special assistant, for the people.

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. W. H. FERGUSON, *Amici curiae.*

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

CHAPTER 168 of the Session Laws of 1919 imposes a tax on various products of petroleum "offered for sale or used for consumption for power purposes in propelling motor vehicles." It further provides that the sums collected under the act shall be placed in a special road fund, and apportioned among the several counties of the state.

Action was brought in behalf of the people against the plaintiff in error to recover a considerable sum which it was alleged had been collected by the defendant under said act. A demurrer to the complaint was overruled. Defendant elected to stand upon the demurrer, and judgment was entered against it for something over $9,000. The cause is now here on error.

It is contended: First, that the act is void because in contravention of section 3 of article X of the Constitution, which requires that all taxes shall be uniform upon the same class of subjects, etc.

This tax, it is said, is a property tax, levied without any respect to the valuation of the property, and hence not uniform. The act levies a tax upon "each gallon of kerosene, gasoline, and any fluid or substance which is a product of petroleum, or into which any product of petroleum enters, or is found as a constituent element, whether manufactured in this state or not, offered for sale or used for consumption for power purposes in propelling motor vehicles."

The purpose of the statute is plain, i. e. to collect from the users of motor vehicles a fund which shall be expended

to maintain the roads which are so largely used by such vehicles. The tax is not levied upon the products of petroleum as such, but upon such part of said products as are devoted to the purpose named in the statute. It is not measured by the value of the property, but by the quantity sold. Such products of petroleum as are devoted to the specified use form an easily recognized class. The classification is reasonable, and clearly defined, and that is the test. 26 R. C. L. Sec. 216. It is in no sense discriminatory, because it applies to all sales of that kind, and affects all dealers in proportion to their sales; if it can, in truth, be said to affect them at all, since the tax is added to the price of the product. It applies impartially to dealers throughout the whole state. It is, in fact, a tax upon the sale and use of the product, rather than upon the product itself.

Considering the statute as a whole, we conclude that it imposes an excise tax, and not a property tax.

This view is confirmed by the case of *Bowman v. Continental Oil Company*, recently decided by the Supreme Court of the United States, and reported in Vol. 41 of the Supreme Court Reporter at page 606. The court there had under consideration a similar statute of New Mexico, to which objections were made on several of the grounds now urged against this law. It was held that the imposition was an excise tax, which could be collected on intrastate sales, without interfering with interstate commerce. It was also held that the act did not infringe rights upon the "due process" and "equal protection" clauses of the fourteenth amendment to the federal constitution; grounds of attack in this case also. Having determined that this is an excise tax, we need not consider the other constitutional questions raised, which are based upon the assumption that it is a property tax.

It is further objected that the statute violates section 21 of article V of the state constitution in that the title refers only to petroleum products *used* in propelling motor

vehicles, saying nothing of the products offered for sale for that purpose.

The title is "An act providing a tax on petroleum products used in propelling motor vehicles." We have many times held that a title which states the general subject of the act is sufficient, and that all matters germane to that subject are included within the title.

The *sale* of the article for the *use* mentioned in the title is manifestly germane to the subject named in the title, and no one could be deceived by the failure of the title to describe the subject more fully.

It should not be overlooked that we are not at liberty to hold an act unconstitutional unless it is clearly so. In this case we find no difficulty in holding that the act is in all respects valid. The judgment is therefore affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE DENISON not participating.