No. 13,060.

PEOPLE EX REL. STONEBRAKER *v.* WOOD ET AL.

(10 P. [2d] 331)

Decided April 4, 1932.

Mr. GEORGE H. BLICKHAHN, for plaintiff in error.

Mr. GILBERT SANDERS, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as relator and defendant in error as the city. Relator brought this action in mandamus to force the city to remove unlawful obstructions from its streets and sidewalks. The alternative writ was issued and the city demurred thereto. That demurrer was sustained for want of capacity to sue, defect of parties and misjoinder of actions. Relator elected to stand and the suit was dismissed at his costs. To review that judgment he brings error.

The alleged obstructions are thirty gasoline pumps, whose locations and operators are mentioned in the writ, all of which are alleged to be in city streets and on city sidewalks and which unlawfully obstruct the full use thereof by the public. The city contends: (1) That the action could only be brought by the public prosecutor; (2) that the operators of the pumps are necessary parties; (3) that the location and operation of each pump is the basis for a separate suit.

1. This complaint was entitled, in the trial court, "The People of the State of Colorado, on the relation of

L. L. Stonebraker, Relator, vs. etc." Much confusion has arisen concerning the proper plaintiff and his representative in a mandamus action to compel the performance of a public duty, and the several jurisdictions are in hopeless conflict. 18 R. C. L., p. 322, §§271, 272. The general rule now seems to be that, "Private persons may move for a mandamus, to enforce a public duty not due to the government as such, without the intervention of the government law officer." Id. p. 325, §273; *Union Pacific R. R. Co. v. Hall,* 91 U. S. 343, 23 L. Ed. 428. There is, however, good authority to the contrary. 18 R. C. L., p. 326, §274.

Indicating our approval of the general rule we have said: "If the main object of the proceeding is to vindicate a public right, * * * a citizen interested could probably institute the proceeding in the name of the people without consulting with the attorney general." *Wheeler v. N. C. Irr. Co.,* 9 Colo. 248, 256, 11 Pac. 103. That was an original application in this court. The statement would certainly be equally true where the suit was in the district court and the official in question was the district attorney. The rule has been restated by our Court of Appeals in one such case and applied by it in two others. *Chapman v. People,* 9 Colo. App. 268, 270, 48 Pac. 153; *Rizer v. People,* 18 Colo. App. 40, 48, 69 Pac. 315; *Colorado City v. Worley,* 23 Colo. App. 456, 460; 130 Pac. 826. It has been applied in Illinois in a case where the facts were practically identical with those here alleged. *People v. Harris,* 203 Ill. 272, 67 N. E. 785, 96 A. S. R. 304. We think plaintiff had capacity to sue.

 2. It is said each pump operator should have been made a party. Perhaps relator might have proceeded against them individually, but he elected otherwise. The city is authorized to establish and improve streets and sidewalks and prevent and remove obstructions therefrom. C. L. '21, p. 2290, §8987, par. 7. The execution of this power may be required as a public duty. High's Extraordinary Legal Remedies (3d Ed.) p. 406,

§414. Under the facts here alleged, with certain exceptions, the duty has been violated, and mandamus is the proper remedy. 42 C. J., p. 1305, §1210. In such a case these pump operators are proper parties, but neither indispensable nor necessary. Relator is not concerned with their appearance. He only asks that the city do its duty. If the latter wishes the operators made parties it may bring them in. *State ex rel. Reynolds v. Hill,* 135 Wash. 442, 237 Pac. 1004.

It is the theory of the city, as stated in the brief of its counsel, that this action "should have been instituted against the individual pump owners * * * the city is not a necessary party," and *McIntyre v. El Paso Co.,* 15 Colo. App. 78, 61 Pac. 237, is relied on in support thereof. That was an action by taxpayers of the city to restrain a threatened trespass on its property by the county. It was therein held that the city was not a necessary party. There is room to argue therefrom that this relator might have elected to proceed against the pump operators, but that authority neither affects his right to proceed against the city nor affords any basis for the contention that if he did so, the operators were necessary parties. There was no defect in the parties.

██ 3. For the reasons last above given there was no misjoinder of causes of action. This is a single suit, against the city only, to enforce a specific legal duty.

On other grounds the demurrer was overruled. These are not noticed since no cross-errors are assigned. Something is said of the discretion of respondents, and of supposed facts not appearing in the record. These are open questions to be later pleaded, heard and determined. The complaint simply alleges unlawful obstructions and the neglect and refusal of the city to do its duty with respect thereto. In the hearing on the demurrer, and this review, the courts are obliged to assume the truth of the allegations.

For the reasons given the judgment is reversed and the

cause remanded for further proceedings in harmony herewith.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.