## No. 13,370.

### WOOD, MAYOR ET AL. *v.* PEOPLE EX REL. STONEBRAKER.

(43 P. [2d] 1001)

Decided April 8, 1935.

Mr. Gilbert Sanders, Mr. John J. Hendrick, Mr. Frank H. Hall, Mr. B. M. Erickson, Mr. Henry Hunter, for plaintiffs in error.

Mr. George H. Blickhahn, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

This is a mandamus action brought by defendant in error, December 3, 1931, wherein relator sought to compel the mayor and city council of the city of Trinidad to procure the removal of a number of gasoline pumps—alleged to be unlawful obstructions—located on the curb line, in the sidewalk area, on the city streets by private owners. A demurrer to the alternative writ for want of capacity to sue, defect of parties and misjoinder of causes of action was sustained in part. Relator elected to stand upon the writ and the action was dismissed. Upon review by this court, the judgment was reversed. *People ex rel. v. Wood,* 90 Colo. 506, 10 P. (2d) 331.

On May 3, 1932, the cause was reinstated in the trial court. Various motions and demurrers were disposed of, and respondents answered, alleging in substance that the pumps were installed under revocable permits, issued under Ordinance No. 603, which the city had the right to enact, and did enact, pass and approve on July 14, 1930. After trial to the court, judgment was entered in favor of the relator, and respondents assign error.

Relator, as a citizen, resident and taxpayer of Trinidad, contends that his right, and that of the public in general, to the free and unobstructed use of the public sidewalks, and the public streets is impaired by the erection and maintenance of the pumps on the sidewalks, at the curb line thereof, and as so erected and maintained, they constitute obstructions; that respondents, in violation of the statutes of Colorado, and ordinances of the

city of Trinidad, have permitted the erection and maintenance thereof, and after formal request by relator, for himself and the public in general, to remove same, refused and now refuse to remove or cause the pumps to be removed.

Respondents reply to this contention, placing their reliance upon the validity of Ordinance No. 603, and upon the proposition that a city of the second class has the right to authorize the erection of structures in the street; and further argue that the city has exclusive control of the streets under subsection 7, sub-division 8, of section 8987, C. L. 1921, which is as follows: "To regulate the use of sidewalks along the streets and alleys, and all structures thereunder, and to require the owner or occupant of any premises to keep the sidewalks, or along the same, free from snow and other obstructions." They also rely upon the act of February 1, 1876, providing for the incorporation of the city of Trinidad, which provides inter alia: "The fee simple title of and to all streets and alleys within the corporate limits of said town, shall be vested in said town, which shall hold the same for the use of the public." Laws of Colorado, 1876, p. 175, section 3.

■ The court found the pumps to be obstructions interfering with the free use of the street, and that they are operated for the private gain of the owner. There being ample competent evidence to support this finding, it should stand, the only question left for the determination of this court being the correctness of the trial court's further finding, that no legal authority for the maintenance of the obstructions upon the public streets and sidewalks, exists.

■■ If there is any such authority, it must be found in a statutory grant. The incorporating act, the pertinent part of which is above quoted, created a trust for the holding of the fee simple title of, and to, all streets and alleys of the town, which thereby became vested in the town, in these simple words, "which shall hold the same for the use of the public." This means, that any

attempted regulation of the use of the streets or sidewalks, by the town or city, must be for the benefit of the whole public, for travel, the intended purpose of their dedication as such, and only such structures should be maintained in the street and sidewalk areas as are necessary to meet public requirements and use. Many reasons might be presented why a city might obstruct, or even close, a street or sidewalk temporarily in the interest of public use or welfare, but it can never authorize a permanent encroachment by private individuals, and the latter can never successfully set up a claim of right to encumber the public streets or walks. It then follows that the city cannot grant the exclusive use of the streets or sidewalks, or any part thereof, to private persons for their use or gain, for such would be in direct violation of its only right to accept public streets at all.

We do not say the legislature has, or does not have, the authority to grant a specific right to a city to do the acts of which complaint is here made, but we do say it has not done so. The only powers given to towns for street regulation and control, enumerated by statute, are those hereinbefore quoted, and the following: Section 8987, C. L. 1921. "The city council and board of trustees in towns shall have the following powers: * * * Seventh—First, To lay out, establish, open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, parks and public grounds, and vacate the same, * * * Third, To regulate the use of the same; Fourth, To prevent and remove encroachments or obstructions upon the same; * * * Eighth, To regulate the use of sidewalks along the streets and alleys, and all structures thereunder, and to require the owner or occupant of any premises to keep the sidewalks, or along the same, free from snow and other obstructions; * * *." Section 9055, C. L. 1921. "* * * The city council shall have the care, supervision and control of all public highways, bridges, streets, alleys, public squares and commons within the city, and shall cause the same to be kept open and in repair, and free

from nuisances.'' All of which, instead of expressly granting what is here claimed by the city, definitely establish relator's contention, that streets and sidewalks, and any part thereof, are to be regulated for public and not private use, or expressed in another way, the publics' use is to be regulated for the best interest of all the public.

 Counsel for plaintiff in error complain of the substitution of parties respondent allowed by the trial court. After judgment, and during a stay of execution, as the record discloses, the term of office of some of the original respondents expired, and their successors were substituted as respondents. This was in accord with the rule laid down by this court in the case of *Nance v. People,* 25 Colo. 252, 54 Pac. 631.

Judgment affirmed.