## No. 14,972.
### CHRISTIANSON ET AL. *v.* CECIL ET AL.
(127 P. [2d] 325)

Decided June 22, 1942.

Mr. GILBERT L. McDONOUGH, Mr. FRANK McDONOUGH, JR., for plaintiffs in error.

Mr. HARRY A. FEDER, Mr. MILTON MORRIS, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

This suit, instituted by defendants in error, plaintiffs below, for themselves and others similarly situated, was based on three causes of action against plaintiffs in error, defendants below — who had built their garage in an alley — for damages, abatement of a nuisance and injunction against further blocking or interferring with a public alleyway. A demurrer to the complaint was overruled, and after issues joined the case was tried to the court without a jury. At the conclusion of the trial the court found for the plaintiffs on each of the three causes of action, allowing them $100 damages, ordering defendants to remove the garage, restraining them from in any way blocking or interferring with the free use of the alley by the public, and decreeing said alley to be a public highway. Reversal is sought on a writ of error. Reference will be made to the parties as they appeared in the trial court, or by name.

The circumstances which gave rise to the litigation, as disclosed by the record, are substantially as follows: About 1909 one McKone owned all of the land, comprising roughly the northeast one-fourth of block 52, Second Filing of Highland Park, bounded by Julian street on the east, and West 35th avenue on the north. He subdivided this land into three lots, which at the present time are owned by the Christiansons, Cecils and Camerons, respectively, from north to south, Christianson owning the parcel adjoining West 35th avenue. When McKone conveyed to the predecessors in interest of Cecil and Cameron, a ten-foot strip was reserved in each deed for an alley, but for some reason not disclosed, there was no such reservation in the deed to the Christiansons' grantors, but they nevertheless recognized the alley, which admittedly was in existence, and its use by the public as such for the statutory period of twenty years is conceded.

About 1939, Christianson decided to build a garage and obtained a building permit from the city "for an

alleyway garage." A dispute arose as to the exact location of the lot lines and the building inspector held up construction until a survey could be made. It was in connection with this survey that Christianson discovered that the ten-foot strip at the back of his lot was not reserved, whereupon he proceeded to build his garage in the alley, thereby cutting off its use by the public, and the Cecils brought this action "on behalf of themselves and on behalf of other persons similarly situated."

As a basis for reversal, counsel for defendants summarize their assignments of error in three propositions: 1. Overruling of their demurrer. 2. Improper admission of hearsay testimony. 3. Impossibility of obtaining right of way by prescription without proof of adverse user under a claim of right, and without showing an intent to dedicate.

1. Error is assigned to the court's refusal to sustain the demurrer, on the ground that the most that could be claimed for the complaint was that it stated a cause of action for the abatement of a private nuisance. The court did not err in overruling the demurrer. The fact that a private nuisance is involved and prayer for the abatement of the same is included in an action to vindicate a public right does not make the complaint vulnerable to demurrer, even though the action be instituted by private parties. *People v. Wood,* 90 Colo. 506, 10 P. (2d) 331. The case at bar involves equitable principles, and where there is the probability of a continuance of the wrongs affecting the public of which complaint is made, equity will relieve at the complaint of the proprietors affected. See, *Jackson v. Kiel,* 13 Colo. 378, 22 Pac. 504, where we sustained the action of the trial court in overruling a demurrer in a similar situation. See, also, *Atchison Street Railway Co. v. Nave,* 38 Kas. 744, 17 Pac. 587 and *Hitch v. Scholle,* 180 Cal. 467, 181 Pac. 657.

2. No error was committed in the admission of the alleged hearsay testimony. The testimony of which

complaint is made related to conversations between witness Gartland and Mr. McKone, since deceased, original owner of the lots, as to McKone's dedication of the ten-foot strip as a public alleyway. This type of testimony is one of the recognized exceptions to the hearsay rule. Counsel for defendants cite no authority in support of their argument on this point, while the exception here noted is approved in Wigmore on Evidence (3d ed.), vol. V, page 444, §1580. See, also, Jones Commentaries on Evidence (2d ed.), vol. 3, page 2018, §1094, which sets forth the circumstances under which the exception may be invoked, viz.: "First, the fact to which the reputation or tradition applies must be of a public nature; second, if the reputation or tradition relates to the exercise of a right or privilege, it must be supported by acts of enjoyment or privilege, within the period of living memory; third, it must not be reputation or traditionary declarations to a particular fact." Applying these tests to the present situation, we find that the conversations between Gartland and McKone, during the latter's lifetime, related to the use of the ten-foot strip as a public alleyway, and were definitely of a public nature. It is admitted that the alleyway was used by the public thereafter for the statutory period of twenty years, and finally that part of Gartland's testimony relating to the particular fact of dedication was excluded by the trial court. The same author, Jones, goes on to say: "Among the American cases will be found the admission of such testimony where the question relates to boundaries, to the location of a section line, a street boundary, a line between two commons, or the location of a highway." Vol. 3, p. 2023, §1097.

3. Defendants' contention here is that no one can obtain a right of way by prescription without proving an adverse user, and showing an intent to dedicate. Under this statement their counsel set forth five subsidiary contentions, but we are of the opinion that they confuse the right of a private landowner, as such, to acquire

prescriptive rights over the land of his neighbor, with the right that the same individual landowner may have, as a member of the public, to acquire a way over such neighbor's land. Section 1, chapter 143, '35 C.S.A., provides inter alia: "The following are hereby declared to be public highways: * * * Third—All roads over private lands that have been used adversely without interruption or objection on the part of the owners of such lands for twenty consecutive years." The circumstances to be met in impliedly dedicating such roads to be public highways are fully set forth in *Starr v. People,* 17 Colo. 458, 460, 30 Pac. 64, 39 Am. St. Rep. 811. Checking the record in the present proceeding against the requirements set out in the Starr case, we find: 1. That it was McKone's intention—as clearly shown by Gartland's testimony — to set this ten-foot strip of land aside as a public alleyway, and that the city in recognition thereof, made an alley cut in the curbing at West 35th avenue and ribbed the cement crosswalk at the alley entrance. The assessment map filed in the city engineer's office in 1914 shows the curbing, surfacing and grading with reference to this alley. It also appears that the city employees helped to keep the alley clean, and, as already indicated, its use by the public for the twenty-year period is admitted. 2. Evidence of intent is shown by McKone's statement relating to the alleyway, that "he had taken care of that * * * by the ten-foot strip that he put behind the four lots," and that it was to be "forever, perpetual." 3. These statements were admissible in evidence. 4. The line of the alleyway was certain and definite. All properties, including that of defendants, had fences or other structures on this ten-foot line and it was clearly and definitely marked throughout. 5. While there was some question as to whether plaintiffs were mere users (being insufficient), any doubt concerning the legal effect of that situation was removed by the running of the statute.

We think the above analysis discloses that the requirements in relation to the establishment of this ten-foot strip as a public alleyway were established, and the trial court rightly adjudged the rights of the respective parties. The judgment is accordingly affirmed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE BOCK concur.

MR. JUSTICE HILLIARD dissents.