# No. 15,700.

## WILSON ET AL. *v.* COLLINS ET AL.

(165 P. [2d] 663)

Decided January 21, 1946.

Mr. BYRON G. ROGERS, Mr. FRANK A. BRUNO, for plaintiffs in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, BARBARA LEE, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court. They are hereinafter referred to as plaintiffs and the board, respectively.

This cause is before us on application for supersedeas. That writ cannot be granted under our rules since the judgment was for costs only, but since the record discloses that it ought not be unnecessarily delayed, and our conclusion is that no judgment we could now enter here would terminate the litigation, we elect to dispose of it for the time being on this application.

The amended complaint contained two causes of action. By the first plaintiffs sought to mandamus the board to advertise for bids before leasing certain state lands, to lease to plaintiffs should their bid be highest, and to enjoin the board from leasing to anyone, and particularly to A. R. Levis, in any other manner. By the second they sought to mandamus the board to take the necessary steps to recover from said Levis, theretofore the lessee, approximately $5,000 alleged to be the excess over what he had paid the state under his pre-

vious lease and the amount he had received by sub-leasing the lands. The board moved to dismiss for failure to state a cause of action. That motion was sustained, plaintiffs elected to stand, and to review the judgment thereupon accordingly entered this writ is prosecuted. Plaintiffs' nine assignments merely state that the sole question here is whether a cause of action can be spelled out of this amended complaint.

██ 1. The board admits proceeding under section 62, chapter 134, '35 C.S.A., and the amendment thereof approved May 5, 1945, Laws 1945, chapter 194, section 2, page 523, which amendment plaintiffs, in their first cause of action, allege violates paragraph 10, article IX of the state Constitution. The pleadings raised that question and the court held "no violation." We do not here review that holding since we conclude that the second cause of action was not vulnerable to the motion, hence the judgment must be reversed. We should not dispose of the case piecemeal. It may be observed, however, that plaintiffs evidently considered a showing of interest on their part essential to their qualification to maintain this cause for they allege that they are, and long have been, owners of land and cattle, engaged in the livestock business, that the use of the questioned premises is essential to the operation of that business, and that they have "offered to pay *more* than $1,267.10 per year (the price at which the board is attempting to lease to Levis) as a rental" therefor. What is intended by "more" does not otherwise appear. This might be some insignificant sum which, while technically meeting the assertion of the pleading would still, if such allegation be essential, fail to meet the requirement. "De minimis non curat lex." *Seaton v. Tohill,* 11 Colo. App. 211, 214, 53 Pac. 170.

██ 2. Said amended section 62, supra, provides that as a condition precedent to the right to renew a lease thereunder the lessee "shall have, in good faith, complied with all the requirements of his existing

lease." This second cause of action is in the nature of a taxpayer's suit to compel the board to act, or refrain from acting, as the law may require, to protect the financial interests of the state with which it stands charged. It is therein alleged that one provision of the Levis lease is that he "is obligated to pay to the State of Colorado one-half of all moneys received by him in excess of the actual rental wherein the said A. R. Levis rents, subleases, or otherwise receives moneys for the use of said lands"; and it is further alleged that said excess, so received by Levis amounts to over $10,000; that he has failed and refused to account to the state therefor and that the board has failed to collect. Irrespective of any statutory provision, it seems certain that one so in default should be held to have forfeited any preference which otherwise should be credited to him as a prior lessee. Assuming, as we must, the truth of these averments, Levis is not entitled to any preferential treatment in the renewal of his lease and the board is obligated to use all proper means to collect the sum so in default; hence plaintiffs, as taxpayers, are entitled to maintain this suit to compel the performance of these duties. *People ex rel. v. Wood,* 90 Colo. 506, 10 P. (2d) 331. It follows that, irrespective of the correctness of the trial court's ruling as to the first cause of action, not presently determined, the second is well pleaded and calls for an answer.

The judgment is accordingly reversed and the cause remanded with leave to the parties to plead further as they may be advised.

MR. JUSTICE JACKSON not participating.