472 P.2d 715 (1970)
John C. HAWTHORNE and Mildred S. Hawthorne, Plaintiffs in Error,
v.
ASSURED PREMIUMS CORPORATION, a Colorado corporation, Defendant in Error.
No. 70-299. (Supreme Court No. 24021.)
Colorado Court of Appeals, Div. I.
June 9, 1970.
*716 Herbert M. Boyle, Denver, for plaintiffs in error.
Foard, Foutch & Hunt, Jack W. Foutch, Colorado Springs, for defendant in error.
Not Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Plaintiffs in error seek reversal of a judgment of dismissal of their complaint in an action brought by them against defendant in error. The parties are referred to as they appeared in the trial court.
In essence, the complaint alleges that plaintiffs were the owners of real estate located at 2618 Summit Drive, Colorado Springs, Colorado. The property, alleged to have a value of $38,000, was subject to a first deed of trust in the amount of $22,500. Plaintiffs gave defendant a promissory note in the original amount of $6,600 and secured the note with a second deed of trust. The note was also secured by a chattel mortgage on an automobile valued at $1800 and furniture valued at $5,000.
Plaintiffs paid $3,300 to defendant on the note. Defendant foreclosed on the real estate and bid in the property at the sale for $6,224. Plaintiffs alleged that defendant has never released the chattel mortgage and as a result they were unable to sell the automobile.
The complaint further alleged that defendant has failed and refused to pay plaintiffs the difference between the amount owed by plaintiffs to defendant and the value of the equity of plaintiffs in the real estate. Plaintiffs demanded a money judgment in the amount of $12,000; the equity in the real estate; for $1800, the value of the automobile; and for release of the chattel mortgage.
Defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. This motion was granted and from the judgment of dismissal plaintiffs bring the case here on writ of error. The sole question presented is whether the complaint states a claim upon which relief can be granted.
The complaint co-mingles a claim concerning the foreclosure of the real estate with claims concerning the failure to release the chattel mortgage on the automobile and on the furniture.
The claim concerning the foreclosure is considered first. There is no allegation of fraud or irregularity in connection with the foreclosure proceedings. It is not alleged that the defendant's bid was less than the total amount which plaintiffs owed on the note. No deficiency judgment is involved. The defendant here pursued its statutory right of foreclosure on the deed of trust through the public trustee upon default of the note which was secured by the deed of trust. The plaintiffs had a statutory right of redemption C.R.S.1963, 118-9-2. Plaintiffs failed to exercise this right of redemption and their rights in the property were thereby extinguished. Ross v. Nichols, et al., 25 Colo.App. 409, 138 P. 1013. Based upon the facts they alleged, plaintiffs have no right to recover from defendants the amount of their equity in the property. The alleged claim based on the foreclosure of the real estate was therefore vulnerable to a motion to dismiss.
*717 Plaintiffs contend that the defendant was required to bid the actual value of the property at the foreclosure sale and that they are entitled to recover the difference between the amount of the bid and the actual value of the property. The only authority cited by plaintiffs in support of this contention are the cases of Handy v. Rogers, 143 Colo. 1, 351 P.2d 819 and Chew v. Acacia Mutual Life Insurance Company, 165 Colo. 43, 437 P.2d 339.
In Handy, the lender sold a hotel to the borrower for $40,000, receiving $6,000 down and a note for $34,000 secured by a deed of trust. Upon default, the lender sued in court for a foreclosure and sheriff's sale, and for a deficiency judgment. At the foreclosure sale, the property was sold to the lender on his bid of $1,000. On appeal, the sale was set aside because the price bid was so clearly inadequate as to shock the conscience of the court. The court observed that the seller had received a down payment of $6,000, had obtained title to the hotel, and a judgment in excess of $40,000. The price bid was so unconscionable as to amount to fraud on the debtor.
In Chew v. Acacia Mutual Life Insurance Company, supra, the insurance company bid $380,000 at a sheriff's sale on an apartment complex on which it previously loaned $570,000, and in addition thereto, obtained a deficiency judgment in the amount of $180,069. Four appraisers testified at the hearing on the objections to the sale and the average of the appraisals was $546,000. The court recognized that the inadequacy of the price bid is not sufficient cause, standing alone, for setting aside a judicial sale. Conway v. John, 14 Colo. 30, 23 P. 170. But, under the totality of the circumstances in the record, the court held that the price bid by the insurance company was so unfair as to shock the conscience of the court and the sale was set aside.
Both of these cases are clearly distinguishable. The cases did not involve a foreclosure through the public trustee where the debtor has a statutory right of redemption following the sale. These were foreclosure actions through the court where the debtor had no right of redemption following the sale. Further, the cases involved a direct attack on sales which resulted in substantial deficiency judgments following unconscionable bids by the judgment creditors. Neither case supports plaintiffs' contention that their complaint stated a claim against defendant upon which relief can be granted.
The complaint also alleged claims arising out of the defendant's failure to release the chattel mortgage. While it is not entirely clear from the complaint, it appears that the defendant bid the total amount of its promissory note plus interest, costs, and attorneys fees at the foreclosure sale. Under the circumstances, the plaintiffs were entitled to the release of the chattel mortgage. The complaint seeks damages as a result of defendant's failure to release the chattel mortgage and also asks for the release of the mortgage. This portion of plaintiffs' complaint should not have been dismissed. The defendant did not file a motion for a statement in separate counts but filed a motion to dismiss the entire complaint. Where a plaintiff in his complaint states a case entitling him to some relief, a motion to dismiss should not be granted. Dillinger v. North Sterling Irrigation Dist., 135 Colo. 100, 308 P.2d 608; Stapp v. Carb-Ice Corp., 122 Colo. 526, 224 P.2d 935. The plaintiff here has stated a claim entitling him to some relief and the judgment dismissing the complaint must be reversed.
The Colorado Supreme Court in a case similar to the instant one held that the appellate court could not dispose of the case piecemeal, and that the judgment must be reversed in its entirety. Wilson v. Collins, 114 Colo. 407, 165 P.2d 663.
The judgment is accordingly reversed and the cause remanded with directions to reinstate the complaint and for further proceedings not inconsistent with the foregoing opinion.
SILVERSTEIN, C. J., and ENOCH, J., concur.