489 P.2d 356 (1971)
B. K. SWEENEY COMPANY, a corporation, Plaintiff in Error,
v.
McQUAY  NORRIS MANUFACTURING COMPANY, a corporation, and D. W. Onan & Sons, Inc., a corporation, Defendants in Error.
No. 71-152, (Supreme Court No. 24414.)
Colorado Court of Appeals, Div. II.
October 5, 1971.
*357 Zarlengo, Mott & Carlin, Donald E. Cordova, Denver, for plaintiff in error.
Yegge, Hall & Evans, Edward H. Widmann, Denver, for defendant in error McQuay-Norris Manufacturing Co.
Dawson, Nagel, Sherman & Howard, Raymond J. Turner, Denver, for defendant in error D. W. Onan & Sons, Inc.
Selected for Official Publication.
DWYER, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The parties appear here in the order of their appearance in the trial court. Plaintiff, B. K. Sweeney Company, will be referred to as "B. K. Sweeney"; defendant, McQuay-Norris Manufacturing Company, will be referred to as "McQuay"; and defendant, D. W. Onan & Sons, Inc., will be referred to as "Onan."
McQuay manufactured and supplied to Onan a solenoid valve which was incorporated in a complete natural-gas-powered generating unit manufactured by Onan and sold to B. K. Sweeney. B. K. Sweeney later resold the unit to Colorado Interstate Gas Company and supervised the installation of the unit in a microwave natural gas compression station in Keyes, Oklahoma.
On April 29, 1960, the microwave station was destroyed by an explosion of natural gas. After the explosion, Colorado Interstate Gas Company brought an action against B. K. Sweeney in the District Court in Oklahoma. It was alleged in the complaint that the generator supplied by B. K. Sweeney was designed to start automatically on failure of outside power and to shut off automatically on the resumption of its outside power and that as safety devices it contained a solenoid valve and a demand regulator. It was further alleged *358 that the proper operation of either of these devices would prevent the escape of natural gas when the generator was not in operation; that the solenoid valve was defective and failed to operate properly; and that the explosion and damage was proximately caused by the negligence of B. K. Sweeney in supplying the defective devices and in failing to inspect the solenoid valve and the demand regulator. Trial of the action resulted in a judgment against B. K. Sweeney.
B. K. Sweeney then commenced the present action to recover the amount it had paid to satisfy the Oklahoma judgment and the amount it had expended in defending that action. The complaint alleged that Onan had been negligent in supplying a defective generating plant or had violated a duty to plaintiff arising out of warranty, express or implied. The complaint also alleged that McQuay had been negligent in supplying a defective solenoid valve or had violated a duty to plaintiff arising out of implied warranty. Both defendants answered and denied liability. Onan filed a cross-claim against McQuay, alleging that if it were held liable to B. K. Sweeney by reason of the defective solenoid valve, it would be entitled to indemnity from McQuay. Onan further alleged in its cross-claim that the negligence of McQuay in supplying a defective valve was primary and active, while Onan's negligence, if any, was negative and passive, and that such defendants were not in pari delicto as to each other.
After the case was at issue both defendants amended their answers to allege as an additional and separate defense that plaintiff's action was barred by the final judgment which had been entered against it in the Oklahoma action. Both defendants then filed motions for summary judgment supported by the pleadings and the judgment in the Oklahoma District Court.
The trial court ruled that the Oklahoma judgment established that plaintiff, B. K. Sweeney, was negligent; that such negligence was the proximate cause of the explosion; that plaintiff's negligence was "active"; and that plaintiff's claims for indemnity against defendants were barred by such negligence. The trial court granted defendants' motions for summary judgment.
This writ of error presents two principal questions: First, upon the facts alleged in the complaint, does B. K. Sweeney have a claim for indemnity from defendants? Second, if B. K. Sweeney has such a claim, is that claim barred by operation of the final judgment of the Oklahoma District Court?
The explosion of the microwave station, which gave rise to the claims asserted in this action, occurred in Oklahoma, and the parties treat the law of Oklahoma as governing their substantive rights in this action. However, the law of Colorado should first be examined because in the absence of a statute or controlling authority, it is presumed that the common law of a sister state is the same as the common law of Colorado. Wolf v. Burke, 18 Colo. 264, 32 P. 427.
It is defendants' contention that, even assuming that their negligence or breach of warranty is established, plaintiff, nevertheless, cannot recover because plaintiff itself was negligent and thus the parties are in pari delicto, and that thus the rule which precludes one tort-feasor from recovering from the other bars plaintiff's action. To this general rule prohibiting indemnity among tort-feasors, there is a well-established exception which allows a party secondarily liable to recover from the party primarily liable. This exception was first recognized in Colorado in the case of Colo. & Southern Ry. Co. v. Western Light & Power Co., 73 Colo. 107, 214 P. 30. The court there recognized the general rule which prevents one wrongdoer from recovering indemnity or contribution from another wrongdoer, but the court also *359 recognized the exception which permits a tort-feasor who is secondarily liable to hold liable for the ultimate loss the one primarily responsible for the injury done. A similar result was reached in the subsequent cases of Otis Elevator Co. v. Maryland Casualty Co., 95 Colo. 99, 33 P.2d 974; Parrish v. De Remer, 117 Colo. 256, 187 P.2d 597; Simpson v. Digiallonardo, Colo.App., 488 P.2d 208.
A recent Colorado case on the subject is Jacobson v. Dahlberg, Colo., 464 P.2d 298. The court there held that a jury's determination that a defendant's negligence was the proximate cause of the injury does not bar that defendant's recovery of indemnity against a third-party defendant. The court there stated:
"[W]here A's injuries result from the primary fault of B, but A has recovered against C for the injuries, C may hold B as an indemnitor."
The Parrish and Jacobson cases, in addition to announcing the rule allowing a tort-feasor who is secondarily liable to recover indemnity from one primarily negligent, also hold that the claim of indemnity is not barred by a prior adjudication that the one seeking indemnity was himself negligent. The reason for this rule is that the question of primary vs. secondary negligence, which is involved in the indemnity action, was not in issue and was not decided in the prior litigation.
Accordingly, under Colorado law, B. K. Sweeney has stated a claim against the defendants for indemnity, and such claim is not barred by the prior adjudication that B. K. Sweeney was itself negligent.
The next question is whether a different rule is required by Oklahoma law. Under Oklahoma law there is no right of contribution or indemnity between joint tort-feasors. National Trailer Convoy, Inc. v. Oklahoma Turnpike Authority, 434 P. 2d 238 (Okla.); United States v. Acord, 10 Cir., 209 F.2d 709; Cain v. Quannah Light and Ice Co., 131 Okl. 25, 267 P. 641.
Oklahoma recognizes the exception to the rule that gives a right of indemnity to one who is constructively liable to a party whose injuries were caused by the active negligence of another. Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 10 Cir., 215 F.2d 368; Porter v. Norton-Stewart Pontiac-Cadillac, 405 P.2d 109 (Okla.).
There is apparently no Oklahoma Supreme Court case which either recognizes or denies the right of indemnity to one who is liable because of his secondary negligence to a party whose injuries were caused by the primary negligence of another. In the absence of such controlling authority, the Colorado courts will presume that the common law of Oklahoma is the same as that in Colorado and permit a recovery of indemnity in such situations. Support for the position that one secondarily negligent has a right of indemnity against one whose negligence is primary, where both are liable for injuries to a third party is found in Choate v. United States, 233 F.Supp. 463 (W.D. Okla.1964) in which the District Court of Oklahoma so held in interpreting Oklahoma law. We conclude that B. K. Sweeney has a right to indemnity under Oklahoma law if it can establish that its negligence was secondary and that the negligence of Onan or that of McQuay was primary.
The summary judgment entered by the trial court was in error.
McQuay also argues that B. K. Sweeney cannot recover on its breach of warranty claim because there is no privity of contract between McQuay and B. K. Sweeney and that the dismissal of this claim was therefore proper. In the present posture of this case, a consideration of this question would be premature and improper. B. K. Sweeney's complaint alleges both negligence and breach of implied warranty. McQuay has denied these allegations and *360 has asserted various affirmative defenses. It cannot be determined at this time which, if either of these claims, can be established at trial. This court cannot dispose of the case piecemeal, and since plaintiff's complaint states a claim upon which relief can be granted and defendants' motions for summary judgment are not well taken, the summary judgment entered by the trial court is reversed in its entirety. See Wilson v. Collins, 114 Colo. 407, 165 P.2d 663.
The judgment is reversed, and the cause is remanded to the trial court with directions that defendants' motions for summary judgment be denied and for further proceedings in the trial court.
SILVERSTEIN, C. J., and PIERCE, J., concur.