In the Matter of the Application of THE NATIONAL CASH REGISTER COMPANY, Petitioner, for a Certiorari Order against FRANK J. TAYLOR, Comptroller of the City of New York, Respondent.

First Department, July 1, 1937.

*Chauncey B. Garver* of counsel [*Arnold E. Monetti* with him on the brief; *Shearman & Sterling*, attorneys], for the petitioner.

*Meyer Bernstein* of counsel [*Frank J. Derrick* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

CALLAHAN, J.   By chapter 873 of the Laws of 1934 the Legislature enabled any city of the State having a population of 1,000,000

or more to adopt local laws imposing any tax which the Legislature had the power to impose, to relieve the people of any such city from hardship caused by unemployment. Such enabling act limited the application of such local laws by providing in section 1 thereof: " A tax imposed hereunder shall have application only within the territorial limits of any such city."

It further provided: " This act shall not authorize the imposition of a tax on any transaction originating and/or consummated outside of the territorial limits of any such city, notwithstanding that some act be necessarily performed with respect to such transaction within such limits."

Pursuant to the authority thereby granted, the municipal assembly of the city of New York adopted Local Law No. 20 (published as No. 21) of 1934, which was amended by Local Law No. 24 (published as No. 25) for the same year. The amended law became effective on December 28, 1934. This law provides for a two per centum tax upon the amount of the receipts of every sale in the city of New York of tangible personal property sold at retail, with certain exceptions not relevant to this inquiry.

" Sale " is defined to mean any transfer of title or possession or both, exchange or barter, license to use or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration or any agreement therefor.

The local law further provides that the receipts from sales upon which the city of New York and the State of New York are, by virtue of the provisions of the Constitution of the United States or otherwise, without power to impose a tax, shall not be subject to any tax.

The petitioner is a Maryland corporation, having its principal place of business in Dayton, Ohio. It maintains offices for the sale of cash registers and similar devices in the city of New York. All machines are manufactured in Dayton, Ohio. The sales made by petitioner in New York city fell into two classifications: (1) Machines sold and delivered in New York city by representatives of the petitioner from stock kept in the New York office, and (2) machines shipped from the factory in Dayton, Ohio, to fill orders received by the petitioner from purchasers in or near New York city.

The comptroller of the city of New York has ruled that both classes of sales are taxable. Certiorari to review his determination in assessing and taxing the second class of sales is now before us. The sales in dispute are known as " special orders." They are solicited by petitioner's salesmen in New York city and evidenced by signed orders on documents known as " Customer Order Form," addressed to petitioner at Dayton, Ohio, requesting that a certain

type of machine be manufactured and shipped, and stating on the face thereof that they are subject to acceptance at Dayton. If the orders are accepted, the machines to fill them are made up in Dayton and shipped in carload lots to the city of New York in packages addressed individually to each customer, care of the petitioner. Some machines remain in petitioner's New York office for a day or two for the accommodation of a customer. Other machines are shipped from Dayton directly to the customer.

It appears that these so-called " special orders " could not be filled out of local stock, because there was no local stock to cover them. The reason for this is that these " special order " machines involved a number of variations from the stock machines.

The petitioner contends that a tax on receipts from such " special orders " would be a tax on transactions in interstate commerce and an unlawful burden on such commerce, in violation of article I, section 8, clause 3, of the Constitution of the United States.

While we agree that the " special orders " contemplated a transaction in interstate commerce (*Matter of United Artists Corporation* v. *Taylor*, 273 N. Y. 334), we do not pass on the question as to whether a non-discriminatory State tax applying to all sales of both interstate and intrastate character would be a direct and undue burden on interstate commerce. (See *Wiloil Corporation* v. *Pennsylvania*, 294 U. S. 169.) We find it unnecessary to determine this question for the reason that we interpret the enabling act (Laws of 1934, chapter 873) to exclude transactions of the kind involved in these " special orders " from the power granted to the localities to tax.

It must be remembered that the enabling act was passed by a State Legislature granting taxing power to city governments. The phraseology used leaves no doubt that the Legislature was considering the possible effect of a sales tax imposed by cities on the people residing outside such cities, as well as the legal effect of attempting to tax interstate commerce. The object of the provision that the act should have application only within the limitations of the city and should not authorize the imposition of a tax on any transaction " originating and / or consummated " outside the limits of the city, apparently was to provide a scheme whereby contracts of sale made in the city for the performance outside its limits, and, likewise, contracts of sale made outside the city for performance within the city were to be free from taxation.

It has been decided that the word " consummated," as used in the enabling act (Laws of 1934, chap. 873), refers to the place of performance of the contract and not to the place of the making thereof. (*Matter of United Artists Corporation* v. *Taylor, supra.*)

The expression " and /or " in this statute must be held to include the meaning to be ascribed if " or " was used alone. Therefore, if a sale originated outside the city it would be relieved from the tax. We believe that when the Legislature spoke of a transaction " originating " outside a city it referred, in so far as a sale was concerned, to the place of the making of the contract of sale and not the place from which an offer to buy was sent. So construed, this statute means that the city of New York may not tax a sale where the contract in fact and in good faith came into existence at a place outside the territorial limits of the city, though consummated therein. This interpretation relieves the " special orders " involved in the present controversy from the sales tax, for they originated in Dayton, Ohio.

The order of certiorari should be sustained and the determination of the comptroller, in so far as it held that the tax was applicable, should be annulled, with fifty dollars costs and disbursements to the petitioner.

MARTIN, P. J., UNTERMYER and COHN, JJ., concur; DORE, J., dissents.

DORE, J. (dissenting). The city imposed a tax solely on the transfer of title or possession and not on the contract to sell, and since transfer of title or possession took place wholly within the city, the transaction taxed originated in and was consummated within the territorial limits of the city and was accordingly taxable under the enabling act (*Matter of American League Baseball Club of N. Y., Inc.*, v. *Taylor*, 274 N. Y. 475), and a valid impost unless it amounts to an unlawful burden on interstate commerce. As a nondiscriminatory tax applicable equally to intrastate as well as interstate transactions it is not a direct undue burden on interstate commerce. (*Wiloil Corporation* v. *Pennslyvania*, 294 U. S. 169 [Feb. 1935].)

If foreign vendors in New York city doing a business in which transfer of title or possession takes place within the city need not collect the tax from purchasers it is obvious that they gain a great economic advantage over their local and resident competitors, and while the enabling act forbids discrimination against foreign vendors it does not authorize discrimination against local vendors.

The determination of the city comptroller should be confirmed and the order of certiorari dismissed.

Order of certiorari sustained and the determination of the comptroller of the city of New York, in so far as it held that the tax was applicable, annulled, with fifty dollars costs and disbursements to the petitioner. Settle order on notice.