## UNITED STATES v. PHELPS DODGE MERCANTILE CO.

No. 11249.

Circuit Court of Appeals, Ninth Circuit.

Sept. 25, 1946.

Theron L. Caudle, Asst. Atty. Gen., F. E. Flynn, U. S. Atty., of Phoenix, and John P. Dougherty, Asst. U. S. Atty., of Tucson, Ariz. (Vincent A. Kleinfeld, Atty., Dept. of Justice, and Arthur A. Dickerman, Atty.,

Federal Security Agency, both of Washington, D. C., of counsel), for appellant.

Knapp, Boyle, Bilby, & Thompson and Arthur Henderson, all of Tucson, Ariz., for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

On an amended libel of information filed on September 28, 1945, appellant, the United States, proceeded against 175 cartons of food (150 cartons of spaghetti and 25 cartons of macaroni) in possession of appellee, Phelps Dodge Mercantile Company, in the District of Arizona. The amended libel, hereafter called the libel, prayed that the food be seized and condemned. The food was seized. Appellee excepted to the sufficiency of the libel. The exception was sustained, and a decree was entered dismissing the libel and directing that the food be released to appellee. From that decree this appeal is prosecuted. The question is whether the libel stated facts sufficient to warrant condemnation of the food.

Condemnation was sought under § 304 (a) of the Federal Food, Drug, and Cosmetic Act,[1] 21 U.S.C.A. § 334(a), which provides: "Any article of food * * * that is adulterated[2] * * * when introduced into or while in interstate commerce[3] * * * shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States within the jurisdiction of which the article is found: * * *"

The libel stated that the food was shipped in interstate commerce from Denver, Colorado, to Douglas, Arizona, in 1943—75 cartons on February 13, 1943, and 100 cartons on June 18, 1943. The libel further stated:

---

[1] Act of June 25, 1938, c. 675, 52 Stat. 1040, as amended.

[2] Section 402 of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 342, provides: "A food shall be deemed to be adulterated—

"(a) * * * (3) if it consists in whole or in part of any filthy, putrid, or decomposed substance * * * or (4) if it has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth * * *"

[3] Section 201(b) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 321(b), provides: "The term 'interstate commerce' means (1) commerce between any State or Territory and any place outside thereof, and (2) commerce within the District of Columbia or within any other Territory not organized with a legislative body."

"That said food * * * is [on September 28, 1945] adulterated within the meaning of 21 U.S.C.A. as follows:

"342(a) (3) in that it consists wholly or in part of a filthy substance [4] by reason of the presence therein of insect fragments, rodent hairs, and rodent excreta;

"342(a) (4) in that it has been held under insanitary conditions whereby it has been contaminated with filth [5] while held in the original packages by [appellee] at [appellee's] warehouse in Douglas, Arizona."

■ Thus the libel stated, in substance and effect, that on September 28, 1945—more than two years after it was shipped in interstate commerce—the food was adulterated. The libel did not state that the food was adulterated when introduced into or while in interstate commerce.[6] Instead, the libel stated, in substance and effect, that the food was adulterated while held in original packages by appellee at its warehouse in Douglas, Arizona. Thus it appeared that the adulteration of the food occurred after it ended its interstate journey and came to rest at appellee's warehouse.[7]

■ Appellant contends that the fact that the food was adulterated while held in original packages was sufficient to warrant its condemnation. We do not agree. As shown above, § 304(a) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 334 (a), under which this proceeding was brought, provides for the condemnation of "Any article of food * * * that is adulterated * * * when introduced into or while in interstate commerce." It says nothing about original packages. The terms "interstate commerce" and "original packages" are not synonymous. Articles may be in interstate commerce without being in original packages. They may be in original packages without being in interstate commerce. They may be in both interstate commerce and original packages and, if in both, may cease to be in interstate commerce and yet remain in original packages.[8] Hence the fact that the food was adulterated while held in original packages did not show that it was adulterated when introduced into or while in interstate commerce.

■ Appellant cites, in support of its contention, § 10 of the Food and Drug Act of 1906,[9] 21 U.S.C.A. § 14, which provided that "Any article of food * * * that is adulterated * * * and is being transported from one State * * * to another for sale, or, having been transported, remains * * * in original unbroken packages * * * shall be liable to be proceeded against * * * and seized for confiscation by a process of libel for condemnation." This proceeding was not

---

[4] See § 402(a) (3) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 342(a) (3).

[5] See § 402(a) (4) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 342(a) (4).

[6] See § 304(a) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 334(a).

[7] Cf. American Steel & Wire Co. v. Speed, 192 U.S. 500, 24 S.Ct. 365, 48 L.Ed. 538; General Oil Co. v. Crain, 209 U.S. 211, 28 S.Ct. 475, 52 L.Ed. 754; Bacon v. People of State of Illinois, 227 U.S. 504, 33 S.Ct. 299, 57 L.Ed. 615; Texas Co. v. Brown, 258 U.S. 466, 42 S. Ct. 375, 66 L.Ed. 721; Sonneborn v. Cureton, 262 U.S. 506, 43 S.Ct. 643, 67 L.Ed. 1095; Gregg Dyeing Co. v. Query, 286 U.S. 472, 52 S.Ct. 631, 76 L.Ed. 1232, 84 A.L.R. 831; Nashville, C. & St. L. R. Co. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191; Louis K. Liggett Co. v. Lee, 288 U.S.

517, 53 S.Ct. 481, 77 L.Ed. 929, 85 A. L.R. 699; Edelman v. Boeing Air Transport, 289 U.S. 249, 53 S.Ct. 591, 77 L. Ed. 1155; Southern Pac. Co. v. Gallagher, 306 U.S. 167, 59 S.Ct. 389, 83 L. Ed. 586; Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460; Higgins v. Carr Bros. Co., 317 U.S. 572, 63 S.Ct. 337, 87 L.Ed. 468.

[8] Cf. Woodruff v. Parham, 8 Wall. 123, 19 L.Ed. 382; Hinson v. Lott, 8 Wall. 148, 19 L.Ed. 387; American Steel & Wire Co. v. Speed, supra; Baccus v. State of Louisiana, 232 U.S. 334, 34 S.Ct. 439, 58 L.Ed. 627; Wagner v. City of Covington, 251 U.S. 95, 40 S.Ct. 93, 64 L.Ed. 157; Sonneborn v. Cureton, supra; Wiloil Corporation v. Commonwealth of Pennsylvania, 294 U.S. 169, 55 S.Ct. 358, 79 L.Ed. 838; Whitfield v. State of Ohio, 297 U.S. 431, 56 S.Ct. 532, 80 L.Ed. 778.

[9] Act of June 30, 1906, c. 3915, 34 Stat. 768, as amended.

brought, and could not have been brought, under § 10 of the Food and Drug Act of 1906, 21 U.S.C.A. § 14, for that section was repealed [10] long before this proceeding was brought. As stated above, this proceeding was brought under § 304(a) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 334(a). The quoted provision of § 10 of the Food and Drug Act of 1906, 21 U.S.C.A. § 14, is not in § 304(a) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 334(a), and should not be read into it by construction.

Whether Congress could have provided in § 304(a) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 334(a), for the condemnation of any article of food that is adulterated while held in original packages after being transported in interstate commerce need not be considered, since Congress did not, in fact, so provide.

■ Appellant says that administrative officers charged with the duty of enforcing § 304(a) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 334(a), have interpreted it as providing for the condemnation of any article of food that is adulterated while held in original packages after being transported in interstate commerce. Being clearly erroneous, that interpretation need not and should not be followed by the courts.[11]

Appellant has cited no court decision supporting its contention, and we have found none. We conclude, as did the court below, that the libel did not state facts sufficient to warrant condemnation of the food.

Decree affirmed.

---

[10] See § 902(a) of the Federal Food, Drug, and Cosmetic Act, 52 Stat. 1059, 21 U.S.C.A. § 392 note, and notes appended to 21 U.S.C.A. §§ 14 and 392.

[11] Cf. United States v. Tanner, 147 U.S. 661, 13 S.Ct. 436, 37 L.Ed. 321; United States v. Missouri Pac. R. Co., 278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322; Texas & P. R. Co. v. United States, 289 U.S. 627, 53 S.Ct. 768, 77 L.Ed. 1410; Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756; Estate of Sanford v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20; Neuberger v. Commissioner, 311 U.S. 83, 61 S.Ct. 97, 85 L.Ed. 58; Interstate Commerce Commission v. Railway Labor Executives Ass'n, 315 U.S. 373, 62 S.Ct. 717, 86 L.Ed. 904; Jewell Ridge Coal Corporation v. Local No. 6167, 325 U.S. 161, 897, 65 S.Ct. 1063, 1550, 89 L.Ed. 1534, 2007.